IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Birch L. Foley and<br>Sherrie L. Foley,<br>    Debtor(s).<br><br>Ronda J. Winnecour, Chapter 13 Trustee,<br>    Movant(s),<br>vs.<br>Birch L. Foley and<br>Sherrie L. Foley,<br>    Respondent(s). | CASE NO 19-20098-JAD<br><br>Chapter 13<br><br>Related to Docs 107, 108, 123, 127, and 130 |

<u>CONSENT ORDER OF COURT ADDRESSING DISPOSITION OF BALANCE OF FUNDS ON HAND</u>

WHEREAS, in accordance with an Order approving a settlement (at Doc 127) and an amended plan dated 3/21/2023 (at Doc 107 and confirmed at Doc 130), Trustee was to receive a lump sum from a settlement to be used to make a distribute to unsecured creditors and to pay allowed Debtor(s) attorney fees (as allowed at Doc 123), and to otherwise complete the case;

WHEREAS, Special Counsel advises the Debtor(s) that there is a delay in the finalizing the settlement because of the need for governmental consents and, therefore, the payment of the lump sum has been delayed;

WHEREAS, the plan has reached plan term end and the parties are uncertain when the lump sum payment will be made;

AND NOW therefore, to enable the case to complete using the balance of funds on hand the parties agree as follows:

1. The $5,696.93 balance on hand, will be used to make the February 2024 mortgage payment on the long-term continuing debt of Lakeview Loan Servicing (in the amount due of $913.57), with the remainder of the balance on hand in the amount of $4,783.36 to be distributed to general unsecured

Page **1** of **3**

creditors. Debtor(s) shall resume long term continuing debt payments in March 2024.

2. The settlement approval Order at Doc 127 is hereby modified to provide that the proceeds carveout in the amount of $14,630.00 that were to have been sent to the Trustee shall, instead, be made payable to, and mailed to, Debtor(s)' attorney, Lawrence W. Willis when the settlement has been finalized. Mr. Willis shall then deduct the balance of his allowed fees from the proceeds, and shall refund to Debtor(s) any surplus. Mr. Willis shall be responsible for ensuring that Special Counsel is aware of this modification and for enforcing, as necessary, this provision.

3. The Debtor(s) final confirmed plan shall be deemed modified to provide that any outstanding fees due Mr. Willis shall survive discharge and shall be paid direct, out of the proceeds of the settlement as discussed above, and not by Trustee through the plan.

4. This Order shall be deemed incorporated into the amended plan dated 3/21/2023.

So Ordered, this _____ day of _____, 20_____.

_____
U.S. Bankruptcy Judge

Consented to:

/s/ Owen W. Katz
Owen W. Katz (PA I.D. #36473)
US Steel Tower, Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566
okatz@chapter13trusteewdpa.com
Attorney for Chapter 13 Trustee

/s/ Lawrence W Willis
Lawrence W Willis, Esquire (PA I.D. #85299)
Willis & Associates
201 Penn Center Blvd
Pittsburgh, PA 15235
Tel: 412.235.1721
help@westernpabankruptcy.com
Attorney for Debtor(s)